IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELCHOR ARTURO LOPEZ,<br><br>Defendants. | ***E-FILED - 9/16/08***<br><br>CASE NO.: C-04-04177-RMW<br> *(Related to: CR-00-20335-RMW )*<br><br>ORDER REQUESTING RESPONSE FROM GOVERNMENT |

On October 1, 2004 Oscar Antonio Garcia Salinas (Arturo Melchor Lopez) filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. He was convicted for conspiracy to launder monetary instruments pursuant to 18 U.S.C. § 1956(h) based upon his guilty plea on October 17, 2001. He received a sentence that included 63 months of imprisonment on November 3, 2003.

Lopez asserts two claims of ineffective assistance of counsel. First, he complains that the indictment did not charge a loss amount and that the court, rather than a jury, determined the amount of loss. The loss determined by the court resulted in a higher sentence than Garcia Salinas would have received under the Guidelines without the points added for the amount of loss. Lopez also claims "without the judge's additional finding, the violation would not constitute an aggravated felony for deportation purposes." Memo., p.6. Second, Garcia Salinas claims he was "specifically told that by signing a plea agreement and accepting his guilt that this offense would not subject him to deportation proceedings." *Id.* at p. 9.

In his plea agreement, Garcia Salinas waived any right to file a petition under § 2255 except for a claim of ineffective assistance of counsel. Plea Agmt. ¶5. The cases on which Garcia Salinas bases his first claim were not in existence at the time he entered his plea and was sentenced. Further, they have been held not to be retroactive for collateral purposes. *See*, *e.g. United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). Garcia Salinas's first claim is without merit.

Garcia Salinas's second claim, however, merits a response from the Government. If Garcia Salinas was, in fact, affirmatively advised by his attorney that he would not be subject to immigration consequences if he pled guilty to the money laundering charged as charged in the indictment, he may be able to satisfy the two prongs of the *Strickland*[1] test for ineffective assistance of counsel. It does not appear that Garcia Salinas was affirmatively advised by the plea agreement or his colloquy with the court of the immigration consequences of his plea. Although such advice is not required to be given by the court, the Government or even defense counsel, it would have preempted any claim that he was not so informed. *See Resendiz v. Kovensky*, 416 F.3d 952, 957 (9th Cir. 2005).

The Government is requested to respond by September 26, 2008. Any traverse must be filed by October 17, 2008.

DATED: September 16, 2008

_____
RONALD M. WHYTE
United States District Judge

---

[1] 466 U.S. 668, 686 (1984). In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Copy of Order E-Filed to Counsel of Record:

Copy of Order Mailed to:

Arturo Melchor Lopez
a/k/a Oscar Antonio Garcia-Salinas
FRN 99454-111
FCI - Lompoc
3600 Guard Road
Lompoc, CA 93436